UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ADDISON TAYLOR, <br><br> Petitioner, <br><br> v. <br><br> ERIC WILSON, Warden, <br><br> Respondent. | Case No.: 2:12-cv-583 |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Petitioner Addison Taylor's ("Taylor") Petition for a Writ of *Habeas Corpus* filed on October 25, 2012, pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition was referred to the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. *See also* ECF No. 7. On July 23, 2013, the Respondent filed a Motion to Dismiss, ECF No. 9, a brief in support, ECF No. 10, and a *Roseboro* Notice, ECF No. 11. The Petitioner's response to the Respondent's Motion to Dismiss was due by August 13, 2013 but he filed no response. On September 18, 2013, the Court ordered the Petitioner to respond to the Respondent's Motion to Dismiss by October 2, 2013 in accordance with Local Civil Rule 7. ECF No. 12. As of the date of this report and recommendation, the Petitioner has still not filed a response and the time to do so has lapsed. Therefore, the matter is ripe for disposition. For the following reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

Taylor is a federal inmate incarcerated at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), currently serving a 96-month federal sentence imposed by United States District Judge Friedman of the Eastern District of Virginia on December 18, 2008 for possession with intent to distribute cocaine base. ECF No. 1 at 3, No. 10 at 1, Ex. 1 at 3, 6. On November 10, 2008, the Virginia Circuit Court of the City of Norfolk issued a Capias for Taylor for a probation violation on an underlying state conviction for "new law violations." ECF No. 10 Ex. 1 at 12 ("the Capias"). On October 27, 2010, after Taylor had been committed to the custody of the Federal Bureau of Prisons, the Office of the Norfolk Commonwealth's Attorney lodged this probation violation Capias as a detainer against Taylor after he completes his federal sentence ("the Detainer"). *Id.* at 11.

In his Petition, Taylor requests disposition of the Detainer pursuant to the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2 § 2. ECF No. 2 at 2. Previously, on September 17, 2012, Taylor filed a motion with the Norfolk Circuit Court requesting disposition of the Capias, ECF No. 2 at 6, but on October 1, 2012, the Commonwealth of Virginia Department of Corrections Probation and Parole informed him that the Capias would be resolved once he is released from federal custody. ECF No. 2 at 5. Taylor argues that because he has met "the requirements under I.A.D. by attempting to remedy this matter through Probation and Norfolk Circuit to no avail, [he] now moves [this] Court for an order for writ to sending state ad Prosequendum to make disposition of this matter." *Id.* at 3.

The IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virginia Islands, and the United States federal government. 18 U.S.C. App. 2 § 2. The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. CONST. Art. I, §

10, cl. 3, and therefore is a federal law subject to federal construction. *Carchman v. Nash*, 473 U.S. 716, 719 (1985) (citing *Cuyler v. Adams*, 449 U.S. 433, 438-42 (1981)). Under the IAD, a prisoner incarcerated in one jurisdiction may demand the speedy disposition of "detainers based on untried indictments, informations or complaints" lodged against him by another jurisdiction. 18 U.S.C. App. 2 § 2; Va. Code § 53.1-210. If the prisoner exercises his rights under the IAD:

> he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.* However, under the plain language of the IAD, "a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information, or complaint,' [and therefore, it does not come] within the meaning of Art. III [of the IAD]." *Carchman*, 473 U.S. at 726. The U.S. Supreme Court based this holding on the practical implications of a probation-violation detainer. As is the case here, "[a] probation-violation detainer . . . will be based on the prisoner's commission of the [new] crimes that resulted in his conviction and incarceration . . . Because the convictions conclusively establish the probation violation . . . the probation-violation charge will not be unsubstantiated. Thus, the abuses that in part motivated the adoption of the Agreement generally do not occur in the context of probation-violation detainers." *Id.* at 731.

Here, the Detainer is based on the Capias issued by the Norfolk Circuit Court for a probation violation of "New Law Violations." ECF No. 10 Ex. 1 at 12. Accordingly, the Detainer lodged against Taylor is not the type of "untried indictments" or pending criminal

3

charges contemplated by the IAD.

In light of the procedural posture of this case and the fact that Taylor never answered or opposed the Respondent's Motion to Dismiss, the undersigned finds that the underlying probation violation and resulting Detainer is not subject to the IAD, and therefore, Taylor fails to bring a cognizable *habeas corpus* claim. *See Carchman v. Nash*, 473 U.S. 716 (1985) (reversing the Third Circuit's affirmation of the District Court's granting of a *habeas corpus* petition, because the IAD does not apply to detainers based on probation violations).

Accordingly, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and Taylor's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

By receiving a copy of this Report and Recommendation, Baker is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 24, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Addison Taylor, #58176-083
Federal Correctional Complex Petersburg
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, Virginia 23804
*Pro Se* Petitioner

Susan Lynn Watt
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
October __, 2013

6